**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BARDEN MISSISSIPPI GAMING, LLC
d/b/a FITZGERALD'S CASINO**                                    **PLAINTIFF**


**V.**                                            **CIVIL ACTION NO. 3:07CV21-SAA**


**GREAT NORTHERN INSURANCE COMPANY
AND TOP LINE SEATING, INC.**                                    **DEFENDANTS**


<u>**MEMORANDUM OPINION**</u>

The parties have filed cross-motions for summary judgment. The court previously granted summary judgment for defendants Top Line Seating, Inc. ("Top Line") and Great Northern Insurance Company ("Great Northern"), concluding that Great Northern was not obligated to provide a defense and indemnification to plaintiff in a separate state court suit, *Mary Geraldine "Jerry" Baier v. Barden Mississippi Gaming LLC d/b/a Fitzgerald's Casino* ("*Baier*" or "*Baier* case"), then pending in the Circuit Court of Tunica County, Mississippi. Docket 92. Plaintiff appealed in June 2008. Docket 72 & 74. On August 14, 2009 the Fifth Circuit issued a judgment vacating this court's decision and remanding. Docket 77. After a status conference and a brief period allowing for amendments to the pleadings, the parties filed the instant cross-motions for summary judgment. Docket 79, 80, 87, 92. The parties stipulate to the following facts:

1. Mary Geraldine Baier was injured on June 3, 2004 on the premises of Barden's Casino in Tunica, Mississippi.

2. As a result of the injury Ms. Baier filed a civil against Barden Mississippi Gaming, LLC

1

and Top Line Seating, Inc. being styled Cause No. 2005-0152 in the Circuit Court of Tunica County, Mississippi.

3. In a prior settlement agreement between Barden and Top Line, Top Line had agreed to make Barden an additional insured on its policy involving certain Top Line chairs or stools that were purchased by Barden from Top Line for use in its Tunica, MS facility.

4. Top Line added Barden as an additional insured on its insurance policy involving the chairs/stools, and Great Northern Insurance Company was the insurer.

5. When Ms. Baier filed suit, Barden tendered the defense of the "*Baier* claim" to Great Northern and Great Northern refused to defend rather than defending under a reservation of rights.

6. On February 21, 2007 Barden filed this declaratory judgment action for breach of contract and to enforce its rights under the policy of insurance with Great Northern Insurance Company.

7. On July 16, 2009, the United States Court of Appeals for the Fifth Circuit ruled that Barden was entitled to defense of the *Baier* case under the policy of insurance in question. The Court reversed and remanded this court's decision, but did not enter a judgment in favor of the plaintiff.

8. The defense of the *Baier* case cost $60,000.00.

9. To date Barden has incurred a total of $72,988.08 in fees for prosecuting this case, including the appeal.

10. The *Baier* case was tried in the Circuit Court of Tunica County, Mississippi and resulted in a verdict in favor of the plaintiff for $42,500.00, which was paid and satisfied by Barden.

After an initial case management conference in this case, the court entered a Case Management Order on August 3, 2007 (Docket No. 15) setting a deadline of September 7, 2007, for the amendment of pleadings. After remand the undersigned held a status conference and entered a second Case Management Order on February 10, 2010, pertaining to issues remaining in the remanded case; among other provisions the Order provided that Barden had until March 25, 2010 to amend its Complaint to assert a claim for punitive damages. Barden did not amend its Complaint by either deadline.

Although the Fifth Circuit agreed with this court's interpretation of the insurance policy at issue, holding that "the policy unambiguously limits the duty to defend and indemnify to claims involving the 'sole negligence' of Top Line," the Circuit concluded that the policy did cover the duty to defend the *Baier* case [Docket 77, pp. 5-6]: "Since the policy arguably covers the claim in the *Baier* case as alleged in the underlying complaint, we hold that the duty to defend attaches." *Id.* at 7. Additionally, the Circuit held that Great Northern and Top Line's duty to indemnify would only attach if Top Line were ultimately found 100% negligent in the *Baier* case and that the issue of indemnification could only be resolved after the conclusion of that case. *Id.*

The *Baier* case concluded in March 2009. Docket 91, exhibit 5. The jury determined that Top Line was 50% negligent, plaintiff was 50% negligent, and Ms. Baier was not negligent at all. *Id.* Thus, Top Line was not found to be "solely negligent" in the *Baier* Case.

Currently the issues that remain before the court are:

1. Whether Barden is entitled to attorneys' fees for pursuing this declaratory judgment action against Great Northern or Top Line;

2. Whether Barden is entitled to pre-judgment or post-judgment interest in this case;

3. Whether Barden is entitled to punitive damages against Great Northern or Top Line.

The district court's jurisdiction over this dispute between diverse parties rests upon 28 U.S.C. § 1332. In accordance with the provisions of 28 U.S.C. § 636(c), all parties consented to have a United States Magistrate Judge conduct the proceedings in this case, including an order for entry of a final judgment. Therefore, the undersigned has authority to decide these motions.

## FACTUAL SUMMARY

In light of the court's previous opinion, Docket 72, and the Fifth Circuit's decision, Docket 77, the court will not reiterate the facts. The pertinent portion of the settlement agreement states:

> [Top Line] agrees as to the said 700 stools to name [Barden] as an additional insured in [Top Line's] liability and any excess (umbrella) liability insurance policy(ies), with the same or similar coverage as per the attached Certificate except for excess liability coverage which will be a minimum of $500,000.00 through October 15, 2012. Such will insure [Barden], on an occurrence basis, for third party claims for personal injury, death or property damage arising from the sole negligence of [Top Line] regarding the 700 stools. [Barden] approves the additional insured language contained in the attached Certificate of Liability Insurance that will be effective for occurrences taking place on or after the date of this Agreement, per the terms of the attached Certificate.

Docket No. 53-2, p. 4. The "Certificate of Liability Insurance" referred to in the settlement agreement and memorialized in an endorsement to the insurance policy issued by Great Northern provides:

> Barden Mississippi Gaming, LLC d/b/a Fitzgeralds Tunica Casino/Hotel is named as an additional insured but only with respect to their liability for:
> * bodily injury or property damage caused by the sole negligence of Top Line Seating, Inc.; and
> * occurrences taking place on or after the effective date of the settlement agreement dated October 29, 2003, between Barden Mississippi Gaming, LLC d/b/a Fitzgeralds Tunica Casino/Hotel and Top Line Seating, in connection with the goods or products described in the schedule below:

4

Schedule
Person or organization: Barden Mississippi Gaming, LLC d/b/a Fitzgeralds Tunica Casino/Hotel

Goods or products: 800 slot stools shipped by Top Line Seating, Inc. to Barden Mississippi Gaming, LLC d/b/a Fitzgeralds Tunica Casino/Hotel, such stools being the same as those which are the subject of a lawsuit entitled Barden Mississippi Gaming, LLC d/b/a Fitzgeralds [sic] Tunica Casino/Hotel v. Top Line Seating, Inc. filed in Tunica County, Mississippi, Docket No. 2003-0249.

Docket No. 55-3, p. 37.

## **LEGAL STANDARDS**

The material facts in this case are undisputed, and in light of the court's previous opinion a recitation of applicable summary judgment standards is not necessary. The same standards apply. FED. R. CIV. P. 56(c); *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)); *see also Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998).

Duty to Defend and Cost of Defense

"In Mississippi, the interpretation of an insurance policy is a question of law, not one of fact." *See Roy Anderson Corp. v. Transcon. Ins. Co.*, 358 F. Supp. 2d 553, 560 (S.D. Miss. 2005). Generally, ambiguities in an insurance policy are construed against the preparer of the policy. *Farmland Mutual Insurance v. Scruggs*, 886 So.2d 714, 717 (Miss. 2004). However, where the terms of the insurance policy are plain and unambiguous, Mississippi courts must afford them their "plain ordinary meaning and apply them as written." *Roy Anderson Corp.,* 358 F. Supp. 2d at 560. In this case, because the "policy unambiguously limits the duty to defend and indemnify

5

to claims involving the 'sole negligence' of Top Line" [Docket 77, p.5], there is no question that the policy language in question was plain and unambiguous. The Circuit pointed out that under "Mississippi Law, if a liability insurance policy arguably covers the claim as alleged in the underlying complaint, the duty to defend attaches;" it found that because the policy here arguably covered the claim in the *Baier* case, the duty to defend attached, and Great Northern was required to provide a defense to plaintiff in the *Baier* case. *Id.,* at 6-7. In light of the parties' stipulation that the cost of defending the *Baier* case was $60,000.00, the court holds that plaintiff is entitled to recover this amount from the defendants.[1]

Duty to Indemnify

The court of appeals found that the question of whether plaintiff is owed indemnification could not be resolved until the *Baier* case was resolved. Docket 77, p.7. Noting that under Mississippi law an insurer's duty to defend is broader than its duty to indemnify, the Circuit held that "it is clear under the insurance policy that the duty to indemnify will attach only if Top Line is ultimately found 100% negligent" in the *Baier* case. *Id.*

The Jury Instructions given in the *Baier* case included a special interrogatory which the jury completed as follows:

> 4. The Court instructs the jury that you may apportion negligence in this case between the Plaintiff and Defendants. If you find that neither the Plaintiff nor the Defendants was 100% responsible for the accident, you may assess the percentages of fault attributable to the Plaintiff and Defendants in the space below:
> The amount of negligence you attribute to the Plaintiff and Defendants should total 100% when added together.

---

[1]The parties agree that the amount of $60,000.00 is due and owing in compliance with the Fifth Circuit's decision. Great Northern offered to pay this amount, but plaintiff rejected the offer.

4A      What percentage of negligence do you attribute to Barden Mississippi gaming, LLC, d/b/a Fitzgerald's casino and Hotel? __50%__

4B      What percentage do you attribute to the chair manufacturer __50%__

4C      What percentage of negligence do you attribute to the Plaintiff? __0__

Docket 87, exhibit 2. Because the jury did not find Top Line was 100% at fault, or solely negligent, the court holds that the duty to indemnify does not attach, and no indemnification is owed to plaintiff under the policy. Further, because plaintiff has shown no evidence of prejudice as the result of Great Northern's failure to provide a defense, and it is clear that there existed an arguable basis for Great Northern's refusal to defend the claim, there is no merit to plaintiff's argument that Great Northern is liable for the amount of the state court judgment despite inapplicability of the policy. *Liberty Mut. Fire Ins. Co. v. Canal Ins. Co.*, 177 F.3d 326, 336 (5th Cir. 1999).

<u>Recovery of Attorney's Fees and Costs for Pursuing this Declaratory Judgment Case</u>

Although English law generally provides that successful litigants are entitled to recoup their attorneys' fees as costs of litigation in civil suits, the same is not ordinarily the case under the American rule, which provides that attorneys' fees are not generally awarded to a successful party unless they are authorized by contract or statute. Am. Jur. 2d, Costs §72. Mississippi generally recognizes the American Rule. *Ingalls Shipbuilding v. Federal Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) ("Mississippi law is well settled that attorneys' fees are not awarded unless expressly authorized by a statute or other provision of law."), citing *Sentinel Industrial Contracting Corp. v. Kimmins Indusustrial Services Corp.,* 743 So.2d 954, 971 (Miss. 1999). Under Mississippi law, the majority of cases allow a successful litigant to recover attorney's fees and costs incurred in

7

pursuing a declaratory judgment case only if contractual or statutory provides entitlement to the award or if punitive damages are awarded. *See, e.g., Miller v. Allstate Ins. Co.*, 631 So.2d 789, 795 (Miss.1994) ("In the absence of a showing of gross or willful wrong entitling the movant to an award of punitive damages, the Mississippi Supreme Court has never approved of awarding attorneys fees to the successful litigant."); *Central Bank v. Butler,* 517 So.2d 507, 512 (Miss.1987) ("[T]his Court has held that in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages in a case unless punitive damages are also proper."); *Aetna Casualty and Sur. Co. v. Steele,* 373 So.2d 797, 801 (Miss.1979) ("Attorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified.").

Nevertheless, exceptions do exist, and case law does not foreclose the possibility of an award of attorney's fees as an element of extra-contractual damages in the context of insurance law. In *Universal Life Ins. Co. v. Veasley,* 610 So.2d 290 (Miss.1992) the Mississippi Supreme Court held that

> extra-contractual damages such as attorney's fees "ought be awarded in cases involving a failure to pay on an insurance contract without an arguable reason even where the circumstances are not such that punitive damages are proper. . . . [I]t is entirely foreseeable by an insurer that the failure to pay a valid claim through the negligence of its employees should cause some adverse result to the one entitled to payment. . . . Additional inconvenience and expense, attorneys fees and the like should be expected in an effort to have the oversight corrected.

*Id.,* at 295. *See also Andrew Jackson Life Ins. Co. v. Williams*, 566 So.2d 1172, 1186, n. 13 (Miss.1990) ("Conceivably, upon presentation of sufficient proof, consequential or extra-contractual damages (*e.g.*, reasonable attorney fees, court costs, and other economic losses) may be awarded in cases involving a lack of a reasonably arguable basis – notwithstanding that

the insurer is not liable for punitive damages.").

In this case, Barden argues that because Great Northern breached its contractual duty to defend, Barden was forced to incur additional fees and costs in the filing and prosecution of this case that it would not have otherwise incurred and is therefore entitled to attorney's fees incurred in prosecuting this case.[2]  Although the court has held that plaintiff was not entitled to indemnification under the policy, the defendant's failure to provide a defense for plaintiff in the *Baier* case undoubtedly cost plaintiff money that would not have been expended if the insurer had provided a defense to the *Baier* case.  The parties have stipulated that the costs and attorney's fees incurred as the result of this declaratory judgment action through the appeal is $72,988.08. Docket 87-1.

In Mississippi, legitimate or arguable bases for denials of insurance claims by insurers are "generally defined as those which were rendered upon dealing with the disputed claim fairly and in good faith." *Andrew Jackson Life*, 566 So.2d at 1184. In *Pioneer Life Ins. Co. v. Moss*, 513

---

[2]Plaintiff's complaint specifically seeks:

> [E}nforcement of its rights, defense, and indemnity pursuant to the contract between the parties and/or the insurance agreement in all respects.  Plaintiff Fitzgerald's seeks general damages in addition to the foregoing, including defense costs incurred to date, costs being incurred in the future, and the applicable judgment or settlement costs and such other damages as may be shown at trial or in the future.  Plaintiff also requests general relief.

Docket 1, p.3.  Although defendant argues that attorney's fees and pre- and post-judgment interests were not requested in plaintiff's complaint, the court concludes that they were clearly anticipated in the language of the complaint and could reasonably be expected to be claimed by plaintiff as relief in this case after appeal.  The term "including" is certainly not exclusive of other items of damages not specifically set out in the prayer for relief contained in plaintiff's complaint.

So.2d 927, 930-31 (Miss.1987), the Mississippi Supreme Court held that facts relied upon by an insurance company in denying a claim, if reasonably interpreted and relied upon by the company, will constitute an arguable reason even if the company turns out to have been mistaken in its belief.  The United States District Court for the Southern District of Mississippi has held that "[a]n arguable reason for the denial of an insured's claim, such as will insulate the insurer from a subsequent claim for punitive damages, has been defined as 'one in support of which there is some credible evidence. There may well be evidence to the contrary.  A person is said to have an arguable reason for acting if there is some credible evidence that supports the conclusion on the basis of which he acts.'" *American Manufacturers. Ins. Co. v. Cupstid,* 673 F.Supp 186, 188 (S.D. Miss. 1987), quoting *Blue Cross and Blue Shield of Mississippi v. Campbell*, 466 So.2d 833, 851 (Miss.1984) (Robertson, J. concurring).  This court concludes that Great Northern had at least an arguable basis for denial of Barden's request that it defend against the *Baier* claim.  The plaintiff has shown no evidence of bad faith, gross negligence or wanton conduct by the defendants.[3]

Although there is no case directly on point, the Judge Lee in the Southern District of Mississippi provides guidance in deciding whether an insured is entitled to attorney's fees and costs for prosecution of a declaratory judgment action if the insurer is found to have had a duty to defend under the policy, but there was a legitimately arguable basis for the insurer's denial of the claim, and there is no evidence that it acted in bad faith.  In *Stratford Ins. Co. v. Cooley*, 985 F.Supp. 665 (S.D.Miss.,1996) the court examined whether the possibility of attorney's fees as damages created by *Universal Life Ins. Co. v. Veasley* might be extended to a situation such as

---

[3]Although plaintiff was afforded an opportunity to amend its complaint to add a claim for punitive damages, it did not do so.

this where there was an arguable basis for the insurer's denial of the claim :

> In *Veasley,* the Mississippi Supreme Court held that attorney's fees might be available as reasonably foreseeable damages where an insurer had no legitimate or arguable reason for denying benefits but did not act willfully, intentionally or maliciously. *Id.* at 295; *Willard v. Paracelsus Health Care Corp.,* 681 So.2d 539, (Miss. 1996) ( *Veasley* "address [ed] ... the lack of proper damages when there is failure to pay on an insurance contract without an arguable reason, and the circumstances do not warrant punitive damages"). In the case sub judice, while the court has concluded that in accordance with Mississippi law, Stratford is properly held to have waived by its conduct its claim of no coverage under the policy, it had an arguable basis for denying payment. Accordingly, the court concludes that the claim for attorney's fees by these defendants fails.

*Stratford Ins. Co.*, 985 F. Supp. at 673.  Although Barden makes a compelling argument that because the Fifth Circuit held that Great Northern had a duty to defend, it is "only fair and equitable" that plaintiff recover its attorney's fees and costs incurred in this action, the law simply does not recognize such a claim absent a statutory or contractual basis for it.  *See also* Robert L. Rossi, <u>Attorneys' Fees</u> § 8:5 (3d ed.) ("A frequent and practical application of the exception which allows recovery of attorney's fees incurred in litigation resulting from defendant's breach of contract, as damages, notwithstanding the general rule that attorney's fees are not recoverable as damages, is the rule that an insurer who wrongfully refuses to defend an action brought against the insured, claiming that the action is not covered by the policy, will be liable for the reasonable attorney's fees incurred by the insured in maintaining his or her own defense.").  In this case it is clear that although the Fifth Circuit determined that defendant's decision not to provide a defense to plaintiff was incorrect, it is clear that there exists a legitimate, arguable reason behind the defendant's decision and that it was not wrongful or tortious.  Therefore the court holds that the plaintiff's motion for summary judgment as to this issue is denied.

<u>Pre-judgment and Post-Judgment Interest</u>

To obtain an award of pre-judgment interest, a plaintiff must show that the damages are liquidated or that the denial of the claim was frivolous or in bad faith, and the pleadings must have requested the award of pre-judgment interest. *Moeller v. Am. Guar. & Liab. Ins. Co.,* 812 So.2d 953, 958 (Miss. 2002). In this case, although the court has determined that plaintiff's complaint could be fairly read to have sought pre-judgment interest as damages, there is no evidence that the damages – the cost of defense of the *Baier* case – were liquidated until March of this year when they were stipulated by the parties. Further, there is no evidence of bad faith by the insurer. Accordingly, the court holds that the plaintiff is not entitled to recover pre-judgment interest.

Plaintiffs are entitled to post-judgment interest on a judgment from the date of entry of the judgment. *Watson v. Callon Petroleum Co.,* 632 F.2d 646, 649 (5th Cir. 1980). Upon entry of the judgment in this case, interest will begin to accrue until the judgment is paid.

CONCLUSION

The plaintiff's motion for summary judgment is granted in part and denied in part; the motions of defendant Great Northern and Top Line for summary judgment are granted. A judgment in the amount of $60,000.00 in favor of plaintiff will be entered this day.

THIS, the 2nd day of July, 2010.

_____/s/ S. Allan Alexander_____
UNITED STATES MAGISTRATE JUDGE